IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEVORY W. HICKMON, SR.,
#746479,
     Plaintiff,

vs.                                    Case No. 3:08cv21/RV/EMT

RONALD W. JOHNSON, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Plaintiff's civil right complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2).

     Judicial notice is taken that Plaintiff has been labeled a "vexatious litigant" in the United States District Court, Middle District of Florida. *See* Hickmon v. Digg, No. 6:05cv214-PCF-KRS (M.D. Fla. Mar. 21, 2005).[1] Plaintiff has filed approximately twenty-five cases in the Middle District and in a fairly recent case, Hickmon v. Supreme Court of Florida, No. 6:06cv1365-JA-JGG, the report and recommendation entered by Magistrate Judge James Glazebrook, and adopted by the District Judge, noted that Plaintiff had been enjoined from filing any pro se complaint unless he was in danger of serious physical injury. *Id.*, Docs. 2, 3 (citing to Hickmon v. Lawshe, No. 6:06cv772-JA-JGG). Judicial notice is taken that Plaintiff has accumulated at least three "strikes" in the Middle District for purposes of 28 U.S.C. § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] The inmate number of the plaintiff in that case (#746479) is the same as Plaintiff's (*see* Doc. 1 at 1).

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In Hickmon v. Lawshe, No. 6:06cv772-JA-JGG, Plaintiff was denied in forma pauperis status and his case was dismissed as frivolous. In the report and recommendation entered in that case, it was noted that Plaintiff had nine actions dismissed for failing to state a claim or as frivolous. *Id.*, Doc. 5 (citing Hickmon v. Alpert, 5:05cv147-WTH-GRJ; Hickmon v. Stephenson, 6:03cv1039-ACC; Hickmon v. Stephenson, 6:03cv1269-PCF; Hickmon v. Stephenson, 6:04cv372-PCF; Hickmon v. Valerino, 6:04cv970-GKS-DAB; Hickmon v. Natalie A. Jackson, P.A., 6:05cv1863-PCF-DAB; Hickmon v. 18th Judicial Circuit Court, et al., 6:06cv356-ACC-DAB; Hickmon v. Seminole County Clerk's Office, 6:06cv397-GKS-KRS (cause of action for declaratory judgment dismissed with prejudice; remainder of proceedings stayed pending resolution of related state court action); Hickmon v. Alpert, 6:06cv656-JA-DAB (claim barred by res judicata). Additionally, five of Plaintiff's cases were dismissed based on the "three strikes" provision of § 1915(g). *Id.* (citing Hickmon v. Lester, et al., 6:04cv1556-ACC-DAB; Hickmon v. Pollack et al., 6:04cv1606-GAP-KRS; Hickmon et al. v. Diggs, 6:05cv214-PCF-KRS; Hickmon v. Alpert, 6:05cv554-GKS-KRS; Hickmon v. Alpert, 6:05cv567-JA-JGG). Plaintiff's status as a "three striker" has been recognized in the Northern District as well. *See* Hickmon v. Judge of the 9th Judicial Circuit, No. 4:07cv184/MP/WCS (N.D. Fla. Aug. 21, 2007). Thus, Plaintiff is not entitled to proceed in forma pauperis in the federal courts pursuant to 28 U.S.C. § 1915(g). Plaintiff is well aware that he has more than three "strikes" under § 1915(g) and is precluded from proceeding in forma pauperis in civil cases in the Middle District as well as the Northern District.

Additionally, Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Plaintiff names Liberty Correctional Institution (LCI) and Ronald Johnson, a mail clerk at LCI, as Defendants (*see* Doc. 1 at 1). Plaintiff alleges that in April of 2007, he noticed that he was not receiving responses to some of his correspondence he sent to courts and public agencies (*id.*). Plaintiff states he determined that Defendant Johnson was the person responsible for the alleged interference with his mail (*id.*). Plaintiff states he filed grievances regarding the alleged constitutional violations and, as a result, several correctional officers attempted to harm him and filed retaliatory disciplinary

reports against him (*id*. at 1–2).  Plaintiff also avers he is being poisoned and illegally drugged by prison officials in a conspiracy to murder him (*id*. at 2).

Initially, Plaintiff does not clearly allege that he incurred any serious injury from the alleged interference with his legal mail.  Furthermore, Plaintiff does not specifically show how the past alleged attempts to harm him and filing of retaliatory disciplinary reports evidence a present threat of serious physical injury to him.  Moreover, some of Plaintiff's allegations, specifically, his allegations that he is being poisoned and illegally drugged by prison officials in a conspiracy to murder him, do not appear to be credible or based in reality.  Thus, even if Plaintiff was exposed to a threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff therefore cannot proceed in forma pauperis.

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED**.

2. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 24th day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**